UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                  §
                                        §
FARMER, JOSEPH THOMAS                   §   Case No. 13-23017
                                        §
            Debtor(s)                   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on               .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of               $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]               $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Phillip D. Levey_____
                                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 13-23017 | TB | Judge: TIMOTHY A. BARNES | Trustee Name: | Phillip D. Levey |
| Case Name: | FARMER, JOSEPH THOMAS | | | Date Filed (f) or Converted (c): | 05/31/13 (f) |
| | | | | 341(a) Meeting Date: | 07/26/13 |
| For Period Ending: | 02/11/15 | | | Claims Bar Date: | 11/13/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Capital One Checking | 30.00 | 0.00 | | 0.00 | FA |
| Checking account with Capital One 360 | | | | | |
| Debtor Claimed Exemption | | | | | |
| 2. US Bank Checking | 6,816.00 | 3,746.00 | | 6,816.00 | FA |
| Checking account with US Bank | | | | | |
| Debtor Claimed Exemption | | | | | |
| 3. Capital One Savings | 50.00 | 0.00 | | 0.00 | FA |
| Savings account with Capital One | | | | | |
| Debtor Claimed Exemption | | | | | |
| 4. HOUSEHOLD GOODS | 700.00 | 0.00 | | 0.00 | FA |
| 2 televisions, DVD player, computer, cell phone, sofa, small apliances, microwave, pots/pans, dishes/flatware, camera | | | | | |
| Debtor Claimed Exemption | | | | | |
| 5. BOOKS / COLLECTIBLES | 200.00 | 0.00 | | 0.00 | FA |
| Books, CD's, DVD's, Tapes/Records, Family Pictures | | | | | |
| Debtor Claimed Exemption | | | | | |
| 6. WEARING APPAREL | 50.00 | 0.00 | | 0.00 | FA |
| Necessary wearing apparel. | | | | | |
| Debtor Claimed Exemption | | | | | |
| 7. New York Life Insurance Policy | 150.00 | 0.00 | | 0.00 | FA |
| Whole Life Insurance policy with New York Life | | | | | |
| Debtor Claimed Exemption | | | | | |
| 8. SunAmerica Life Insurance Policy | 2,656.00 | 2,626.43 | | 2,626.43 | FA |
| Whole Life Insurance policy with SunAmerica | | | | | |
| Debtor Claimed Exemption | | | | | |
| 9. Pinnacel West Stock | 20,051.00 | 21,000.00 | | 19,496.64 | FA |
| 355 shares of Pinnacle West stock trading at $56.48 per share | | | | | |

LFORM1  UST Form 101-7-TFR (5/1/2011) *(Page: 3)*  Ver: 18.03b

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 13-23017  TB  Judge: TIMOTHY A. BARNES | Trustee Name: | Phillip D. Levey |
| Case Name: | FARMER, JOSEPH THOMAS | Date Filed (f) or Converted (c): | 05/31/13 (f) |
| | | 341(a) Meeting Date: | 07/26/13 |
| | | Claims Bar Date: | 11/13/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 10. STOCK  Sharebuilder Portfolio | 405.00 | 44.76 | | 44.76 | FA |
| TOTALS (Excluding Unknown Values) | $31,108.00 | $27,417.19 | | $28,983.83 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Filing of estate income tax return re sale of publicly traded common stock.

Initial Projected Date of Final Report (TFR): 12/15/14    Current Projected Date of Final Report (TFR): 11/30/14

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-23017 -TB | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | FARMER, JOSEPH THOMAS | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******4987  Checking |
| Taxpayer ID No: | *******3754 | | |
| For Period Ending: | 02/11/15 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/30/13 | | Joseph T. Farmer | | | 3,790.76 | | 3,790.76 |
| | * NOTE * | FARMER, JOSEPH T. | Memo Amount:      6,860.76 | 1129-000 | | | |
| | | | * NOTE *  Properties 2, 10 | | | | |
| | | FARMER, JOSEPH T, | Memo Amount:   (    3,070.00 ) | 8100-000 | | | |
| | | | Exemption | | | | |
| 12/31/13 | 010001 | Clerk, U.S. Bankru;ptcy Court | Filing Fee | 2700-000 | | 176.00 | 3,614.76 |
| | | | Filing Fee - Motion to Sell 355 Shares of Common Stock of Pinnacle West Capital Cor;poration | | | | |
| 02/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,604.76 |
| 03/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,594.76 |
| 03/16/14 | 9 | Raymond James & Associates, Inc. | Sale of Stock | | 19,115.90 | | 22,710.66 |
| | | RAYMOND JAMES & ASSOCIATES, INC. | Memo Amount:      19,496.64 | 1129-000 | | | |
| | | | Sale of Stock | | | | |
| | | RAYMOND JAMES & ASSOCIATES, INC. | Memo Amount:   (      380.74 ) | 3991-000 | | | |
| | | | Broker's Commission & Fees | | | | |
| 04/01/14 | 010002 | International Sureties, Ltd. | TRUSTEE'S BOND | 2300-000 | | 5.49 | 22,705.17 |
| | | 701 Poydras Street - Suite 420 | | | | | |
| | | New Orleans, LA  70139 | | | | | |
| 04/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 19.09 | 22,686.08 |
| 05/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 32.64 | 22,653.44 |
| 06/06/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 33.68 | 22,619.76 |
| 07/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 32.54 | 22,587.22 |
| 08/20/14 | 8 | Joseph Farmer | Insurance Policy Cash Value | 1129-000 | 2,626.43 | | 25,213.65 |
| 11/01/14 | 010003 | ILLINOIS DEPARTMENT OF REVENUE | TAXES - 2014 | 2820-000 | | 48.00 | 25,165.65 |
| | | | FEIN # 46-7203754 | | | | |

Page Subtotals    25,533.09    367.44

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| | | | |
|---|---|---|---|
| Case No: | 13-23017 -TB | Trustee Name: | Phillip D. Levey |
| Case Name: | FARMER, JOSEPH THOMAS | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******4987 Checking |
| Taxpayer ID No: | *******3754 | | |
| For Period Ending: | 02/11/15 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | | |
|---|---|---|---|---|---|---|
| Memo Allocation Receipts: | 26,357.40 | COLUMN TOTALS | | 25,533.09 | 367.44 | 25,165.65 |
| Memo Allocation Disbursements: | 3,450.74 | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | Subtotal | | 25,533.09 | 367.44 | |
| Memo Allocation Net: | 22,906.66 | Less: Payments to Debtors | | | 0.00 | |
| | | Net | | 25,533.09 | 367.44 | |
| | | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 26,357.40 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 3,450.74 | Checking - *******4987 | 25,533.09 | 367.44 | 25,165.65 |
| | | | ----------------------- | ----------------------- | ----------------------- |
| Total Memo Allocation Net: | 22,906.66 | | 25,533.09 | 367.44 | 25,165.65 |
| | | | ============= | ============= | ============= |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 11, 2015 |
|---|---|---|---|---|---|---|

Case Number:  13-23017  
Debtor Name:  FARMER, JOSEPH THOMAS  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | POPOWCER KATTEN, LTD. | Administrative | | $0.00 | $980.00 | $980.00 |
| 001<br>3110-00 | PHILLIP D. LEVEY | Administrative | | $0.00 | $3,285.00 | $3,285.00 |
| 001<br>2100-00 | PHILLIP D. LEVEY | Administrative | | $0.00 | $3,341.38 | $3,341.38 |
| 001<br>2200-00 | PHILLIP D. LEVEY | Administrative | | $0.00 | $50.34 | $50.34 |
| 000001A<br>058<br>5800-00 | Internal Revenue Service<br>Attn: Bankruptcy Dept.<br>PO Box 7346<br>Philadelphia, PA 19101 | Priority | | $0.00 | $2,907.46 | $2,907.46 |
| 000004A<br>058<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Priority | | $0.00 | $1,245.17 | $1,245.17 |
| 000005A<br>058<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Priority | | $0.00 | $1,432.66 | $1,432.66 |
| 000001B<br>070<br>7100-00 | Internal Revenue Service | Unsecured | | $0.00 | $15,471.06 | $15,471.06 |
| 000002<br>070<br>7100-00 | Asset Acceptance LLC assignee BANK OF AMERICA<br>PO Box 2036<br>Warren, MI 48090 | Unsecured | | $0.00 | $4,384.55 | $4,384.55 |
| 000003<br>070<br>7100-00 | Asset Acceptance LLC assignee CITIBANK<br>PO Box 2036<br>Warren, MI 48090 | Unsecured | | $0.00 | $5,948.58 | $5,948.58 |
| 000004B<br>070<br>7100-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $0.00 | $2,203.82 | $2,203.82 |
| 000005B<br>070<br>7100-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $0.00 | $198.00 | $198.00 |

Page 2

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: February 11, 2015

Case Number: 13-23017
Debtor Name: FARMER, JOSEPH THOMAS

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000006 070 7100-00 | Capital One Bank (USA), N.A. by American InfoSource LP, as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $1,220.85 | $1,220.85 |
| 000007 070 7100-00 | Capital Recovery V, LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami FL 33131-1605 | Unsecured | | $0.00 | $4,401.36 | $4,401.36 |
| 000008 070 7100-00 | LVNV Funding, LLC its successors and assigns as assignee of Bank of America, N.A. Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | Unsecured | | $0.00 | $22,008.39 | $22,008.39 |
| | Case Totals: | | | $0.00 | $69,078.62 | $69,078.62 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-23017
Case Name: FARMER, JOSEPH THOMAS
Trustee Name: Phillip D. Levey

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: PHILLIP D. LEVEY | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | Internal Revenue Service | $ | $ | $ |
| 000004A | Illinois Department of Revenue | $ | $ | $ |
| 000005A | Illinois Department of Revenue | $ | $ | $ |

    Total to be paid to priority creditors    $_____

    Remaining Balance    $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Asset Acceptance LLC assignee BANK OF AMERICA | $ | $ | $ |
| 000003 | Asset Acceptance LLC assignee CITIBANK | $ | $ | $ |
| 000006 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000007 | Capital Recovery V, LLC | $ | $ | $ |
| 000008 | LVNV Funding, LLC its successors and assigns as | $ | $ | $ |
| 000001B | Internal Revenue Service | $ | $ | $ |
| 000004B | Illinois Department of Revenue | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000005B | Illinois Department of Revenue | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE